# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6915 PA (GJSx) | Date | August 16, 2019 |
|---|---|---|---|
| Title | Barbara Magrath v. Marsh and McLennan Companies, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is a Notice of Removal filed by Marsh & McLennan Companies, Inc. ("Marsh & McLennan") on August 8, 2019. Marsh & McLennan seeks to remove a divorce proceeding between Barbara Magrath ("Barbara") and Richard Magrath ("Richard") pending in the Family Court of the Los Angeles Superior Court. Marsh & McLennan asserts that this Court possesses subject matter jurisdiction based on both the existence of a federal question pursuant to 28 U.S.C. § 1331 as a result of ERISA preemption and diversity jurisdiction pursuant to 28 U.S.C. § 1332.

According to the Notice of Removal, on November 3, 2017, Barbara served the Marsh & McLennan Companies Retirement Plan (the "Plan") with a "Joinder" "seeking to have the purported marital estate's community property interest in the Plan come within the jurisdiction of the Family Court." (Notice of Removal ¶ 3.) "On November 20, 2017 the Plan responded to [Barbara's] counsel that the Plan is covered under ERISA and that the Plan would not and cannot undertake any action without a Domestic Relations Order [('DRO')] from a state court which the Plan Administrator determines to be a [Qualified Domestic Relations Order ('QDRO')]." (Id. ¶ 4.) In September 2018, Richard made an election to receive full payment of the present value of his benefits as part of the Plan's 2018 limited time offer to elect a lump sum. (Id. ¶ 5.) As part of the requirements for electing a lump sum under the limited time offer, Richard "submitted a signed and notarized" spousal waiver and certified as part of his online submission to elect the lump sum payment "that he was married, that his benefit was not subject to a court order and that the information provided in his election was true, accurate and complete." (Id.) The Plan's payment agent issued a check to Richard on October 6, 2018, in the net amount after taxes of $296,171.88. (Id.)

The Notice of Removal alleges that, on January 29, 2019, Barbara, through her counsel, submitted a claim letter to the Plain asserting that the Plan should pay her all or a portion of the

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6915 PA (GJSx) | Date | August 16, 2019 |
|---|---|---|---|
| Title | Barbara Magrath v. Marsh and McLennan Companies, Inc. | | |

gross benefit sum of $370,214.85 that was 'negligently and recklessly distributed and paid' to Richard . . . ." (Id. ¶ 6.) According to Marsh & McLennan:

> The letter also asserted that the payment violated the Joinder which purportedly restrained the Plan from making any benefit payments to Respondent Richard Magrath and that the Spousal Waiver submitted by Respondent Magrath was a "forgery". The claim letter was treated by the Plan as a claim for benefits under the Plan and, on April 29, 2019, was denied by the Plan. In its denial, the Plan informed Petitioner Barbara J. Magrath that it had not received any response to its November 20, 2017 letter, any status or communication regarding any upcoming QDRO, and that without a QDRO in place or any indication from her or Respondent Richard P. Magrath that an appropriate basis for suspending the payment of his benefits was present or forthcoming, the Plan was required by federal law and the Plan's terms to pay Respondent Magrath's benefits to him pursuant to his election. The denial noted that Respondent Magrath complied with the Plan's procedures regarding his claim for benefits and the required documentation including his certification that the information he provided with his election, including the notarized Spousal Waiver, was true, accurate and complete, which the Plan was entitled to rely upon. The denial letter also informed Petitioner Barbara J. Magrath of her right to appeal the decision within 60 days and that no civil action could be brought unless the appeals procedure had been exhausted.

(Id.) On June 11, 2019, Barbara filed in state court a Request for Order to Show Cause re Default, Request for Hearing and Request for Damages ("Motion for Order to Show Cause") in which Barbara alleges that Marsh & McLennan violated an injunction issued by the Family Court. Barbara's Motion for Order to Show Cause seeks sanctions, attorneys' fees, and damages of $370,214.85 from Marsh & McLennan.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6915 PA (GJSx) | Date | August 16, 2019 |
|---|---|---|---|
| Title | Barbara Magrath v. Marsh and McLennan Companies, Inc. | | |

establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The defendant also has the burden of showing that it has complied with the procedural requirements for removal." Riggs v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1264 (D. Or. 2001).

"The right to remove a state court case to federal court is clearly limited to defendants." American Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co., 843 F.2d 1253, 1260 (9th Cir. 1988); see also 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added)); 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." (emphasis added)).

In situations nearly identical to those in this action, district courts have repeatedly held that because a nonparty such as Marsh & McLennan is not a "defendant" under the removal statute, that nonparty has no right to remove the action. Specifically, in Gross v. Deberadinis, 722 F. Supp. 2d 532 (D. Del. 2010), a pension plan attempted to remove an underlying divorce proceeding after the husband filed a motion in which he sought to vacate the QDRO after his ex-wife died and sought an order requiring the pension plan to reimburse him for the payments the plan sent to his ex-wife after her death. See id. at 533. The district court remanded the action sua sponte: "Even assuming [the pension plan] is the real-party-in-interest, the Court concludes that it is not a 'defendant' within the meaning of § 1441(a), and therefore is not entitled to remove this action." Id. at 534. Similarly, in Sheppard v. Sheppard (In re Notice of Removal Filed by William Einhorn), 481 F. Supp. 2d 345 (D.N.J. 2007), an ERISA health insurance plan removed a divorce proceeding after receiving an order requiring the plan to provide health insurance to the ex-wife of the plan participant. The district court remanded the action because the ERISA plan, as a nonparty to the divorce proceeding, was not a defendant. "The plain language of [§ 1441(a)] clearly limits the right of removal to 'defendants.' In this case, the Fund is not even a party to the state action. To interpret 'defendant' to include non-parties would produce an absurd result and would contravene more than 65 years of jurisprudence that has only allowed removal by 'defendants' to claims asserted by a plaintiff." Id. at 347-48; see also Anderson v. Khanna, 827 F. Supp. 2d 970 (S.D. Iowa 2011) (holding that ERISA administrator

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6915 PA (GJSx) | Date | August 16, 2019 |
|---|---|---|---|
| Title | Barbara Magrath v. Marsh and McLennan Companies, Inc. | | |

was not a defendant in state court action as required for administrator to have right to remove action).

The Court therefore concludes that Marsh & McLennan is not a "defendant" in the Magrath's divorce proceedings and has no right to remove this action under §§ 1441(a) and 1446(a). The Ninth Circuit has affirmed a district court's remand for lack of jurisdiction of a removal initiated by a litigant other than the defendant. See ASAP Copy & Print v. Canon Bus. Sols., Inc., 643 F. App'x 650, 652 (9th Cir. 2016); see also Sheppard, 481 F. Supp. 2d at 349 (remanding divorce proceeding after finding that the district court "lacks jurisdiction over the present case" removed by an ERISA insurance plan). According to the Ninth Circuit, "[n]o authority . . . supports the proposition that a plaintiff or non-party in a state action may be transformed into a defendant for purposes of removal simply because an adverse ruling is issued against him or her." ASAP, 643 F. App'x at 652 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104-07, 61 S. Ct. 868, 870-72, 85 L. Ed. 1214 (1941).

The Court additionally concludes that Marsh & McLennan's Notice of Removal has not adequately alleged a basis under the Court's federal question or diversity jurisdiction. Specifically, with respect to federal question jurisdiction, March & McLennan contends that the relief Barbara seeks through the Motion for Order to Show Cause is completely preempted by ERISA section 502(a). See 29 U.S.C. § 1132(a). Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. Generally, there is no federal question jurisdiction simply because there is a federal defense to the claim. Id. However, there is an exception to this general rule, known as the complete preemption doctrine. Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998). Under this exception, "even if the only claim in a complaint is a state law claim, if that claim is one that is 'completely preempted' by federal law, federal subject matter jurisdiction exists and removal is appropriate." Id.

In Marin General Hospital v. Modesto & Empire Traction Company, 581 F.3d 941, 946-50 (9th Cir. 2009), the Ninth Circuit explained the difference "between complete preemption under § 502(a), which provides a basis for federal question removal jurisdiction, and conflict preemption under § 514(a), which does not." Id. at 945-46. Under the two-prong test articulated by the Supreme Court in Aetna Health Inc. v. Davila, 542 U.S. 200, 210, 124 S. Ct. 2488, 2496, 159 L. Ed. 2d 312 (2004), a state-law cause of action is completely preempted under § 502(a) if: (1) an individual, at some point in time, could have brought the claim under ERISA; and (2)

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6915 PA (GJSx) | Date | August 16, 2019 |
|---|---|---|---|
| Title | Barbara Magrath v. Marsh and McLennan Companies, Inc. | | |

there is no other independent legal duty that is implicated by the defendant's actions. "The two-prong test of Davila is in the conjunctive. A state-law cause of action is preempted by § 502(a)(1)(B) only if both prongs of the test are satisfied." Marin, 581 F. 3d at 947. At a minimum, Marsh & McLennan has failed to establish that the relief Barbara seeks in the Motion for Order to Show Cause is completely preempted because that Motion seeks relief as a result of Marsh & McLennan's alleged violation of its "independent legal duty" to comply with the Family Court's injunction. Nor is the relief Barbara seeks in her Motion necessarily a claim for benefits brought by a plan participant under ERISA. See Marriage of Nasca, 87 F. Supp. 2d 967, 973 (N.D. Cal. 1999) ("There is no dispute about the amount or nature of the benefits due under the plan; the state court is asked only to decide which party will receive the benefits upon payment. Joinder of the plan is merely 'a precursor to the state court issuing a domestic relations order,' whereby the state court will allocate the pension benefits according to state property and family law. Defendant does not, and cannot, point to any question of ERISA law raised by this allocation."); see also Mack v. Kuckenmeister, 619 F.3d 1010, 1019 (9th Cir. 2010) ("[A] state court has jurisdiction to determine whether or not a DRO is a QDRO, at least if it is doing so in the course of proceedings to 'recover . . . , enforce . . . , or . . . clarify' benefit rights . . . ."). Instead, Barbara's Motion for Order to Show Cause appears to rely on the Family Court's authority to enforce its orders and remedy violations of them. For these reasons, the Court concludes that Marsh & McLennan has not established this Court's federal question jurisdiction based on ERISA's complete preemption provision and therefore fails to establish its right to remove the divorce proceedings to this Court.

In attempting to invoke this Court's diversity jurisdiction, Marsh & McLennan must prove that there is complete diversity of citizenship between the parties, which requires that "each defendant is a citizen of a different State from each plaintiff" and that the amount in controversy exceeds $75,000. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978); 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

Marsh & McLennan's Notice of Removal alleges that it "is informed and believes that Petitioner Barbara J. Magrath was, at the time of filing of the Request for Order, and still is, a

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6915 PA (GJSx) | Date | August 16, 2019 |
|---|---|---|---|
| Title | Barbara Magrath v. Marsh and McLennan Companies, Inc. | | |

citizen of the State of California within the meaning of 28 U.S.C. § 1332(a). Respondent Richard P. Magrath is not a party to the claim in the State Court Action which is the subject of this removal, nor is he a defendant in the State Court Action." (Notice of Removal ¶ 19.) Marsh & McLennan does not cite to any authority in support of its theory that because Barbara seeks no relief from Richard in the Motion for Order to Show Cause that he is not the "defendant" in his divorce proceeding or that the Court can ignore his citizenship for diversity jurisdiction purposes simply because Barbara seeks certain relief in that proceeding from Marsh & McLennan but not Richard. Doing so would violate the complete diversity requirement. See Owen Equip., 437 U.S. at 373, 98 S. Ct. at 2402, 57 L. Ed. 2d 274. Nor is there any support for Marsh & McLennan's narrowing of the diversity requirement to a particular claim rather than the action as a whole. See 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions . . . between . . . citizens of different States . . . ." (emphasis added).[1]

Because the Court cannot ignore that Richard is the defendant in the divorce proceeding, Marsh & McLennan's Notice of Removal is procedurally defective. Specifically, all proper defendants in an action must join or consent to a notice of removal. 28 U.S.C. § 1446(a); Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds as stated in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006); Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998) ("All defendants must join a notice of removal."). "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." Prize Frize, 167 F.3d at 1266. Additionally, even where the complete diversity requirement is met, removal is not permitted "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action is brought." 28 U.S.C. § 1441(b)(2). Marsh & McLennan did not obtain Richard's consent to the removal of the divorce proceeding to this Court. Moreover, to the extent Marsh & McLennan sought to remove the action on the basis of diversity jurisdiction, that removal violates the local defendant rule. However, because the Court is remanding the action as a result of its lack of jurisdiction, the Court is not remanding the action based on these procedural defects.

---

[1] The Court notes that Marsh & McLennan, in its Notice of Removal, "consents to remanding the non-ERISA portions of this matter back to the Family Court" pursuant to 28 U.S.C. § 1441(c). This consent, although potentially relevant if Marsh & McLennan had established the existence of a federal question, does not apply to or cure its attempt to remove, based on diversity jurisdiction, an action in which Marsh & McLennan has not established the complete diversity of the parties.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-6915 PA (GJSx) | Date | August 16, 2019 |
|---|---|---|---|
| Title | Barbara Magrath v. Marsh and McLennan Companies, Inc. | | |

    For all of the foregoing reasons, the Court concludes that it lacks jurisdiction over this action because Marsh & McLennan is not a defendant in the divorce proceeding between the Magraths and therefore has no right to remove the action. The Court additionally concludes that Marsh & McLennan has failed to establish the existence of either federal question or diversity jurisdiction over this matter. Accordingly, this action is remanded to Los Angeles Superior Court, Case No. BD638945. <u>See</u> 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.

                                                                                                                   :         

                                                              Initials of Preparer        KSS